IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY IZZO, | Civil No. 3:18-cv-2366 |
| Petitioner | (Judge Mariani) |
| v. | |
| COMMONWEALTH OF PA, *et al.*, | |
| Respondents | |

## MEMORANDUM

Petitioner Bobby Izzo ("Izzo"), a former Pennsylvania state inmate,[1] filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will dismiss the petition as untimely.

## I. Background

On October 10, 2014, Izzo was charged with forty-eight counts of child pornography under Pa.C.S. § 6312 (c) and (d), and four other charges. *See Commonwealth v. Izzo*, https://ujsportal.pacourts.us, electronic docket number CP-40-CR-3677-2014. On October 22, 2014, Izzo waived the charges under § 6312 (c) and (d), and the Commonwealth withdrew the remaining charges. *See id.* On December 3, 2014, a criminal information was filed. *See id.* On October 19, 2015, Izzo entered a no contest plea to counts one through

---

[1] Izzo has been released on parole and is no longer incarcerated. *See* VINElink online inmate locator system, https://www.vinelink.com/#/search.

thirty-four of the criminal information, and the remaining charges were withdrawn. (Doc. 9-1, pp. 3-8, Transcript of Hearing, dated October 19, 2015). On January 22, 2016, the court imposed an aggregate sentence of two to four years followed by two years of probation. (Doc. 9-1, pp. 9-14, Transcript of Sentencing Proceedings, dated January 22, 2016). Izzo was also required to register for life pursuant to the Sexual Offenders Registration and Notification Act ("SORNA"). (*Id.*). Izzo did not file a direct appeal.

On May 2, 2016, Izzo filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, seeking to reinstate his direct appeal rights. (Doc. 9-1, pp. 15-27, PCRA Petition). On August 8, 2016, his direct appeal rights were reinstated. (Doc. 9-1, pp. 28-29, Court Order, dated August 8, 2016). On August 18, 2016, Izzo filed a notice of appeal. (Doc. 9-1, pp. 30-33, Notice of Appeal). On or about November 30, 2016, Izzo withdrew his appeal, and, on December 5, 2016, the Pennsylvania Superior Court marked the matter as discontinued. (Doc. 9-2, pp. 25-26, Praecipe to Withdraw Appeal; Doc. 9-2, p. 27, *Commonwealth v. Izzo*, 1402 MDA 2016 (Pa. Super.)).

On October 20, 2016, Izzo filed another PCRA petition. (Doc. 9-2, pp. 1-24, PCRA Petition). On March 9, 2017, the PCRA court held a hearing. (Doc. 9-2, pp. 28-43, Transcript of PCRA Hearing, dated March 9, 2017). On June 20, 2017, the PCRA court denied relief. (Doc. 9-2, pp. 44-45, Court Order, dated June 20, 2017). Izzo did not file an appeal.

On December 12, 2018, Izzo filed the instant federal habeas petition. (Doc. 1).

II. **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become

final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Izzo was sentenced on January 22, 2016. No direct appeal was filed. However, on August 8, 2016, Izzo's direct appeal rights were reinstated, and, on August 18, 2016, he filed a notice of appeal. On December 5, 2016, his appeal was discontinued, at which time his judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on December 12, 2018, is patently untimely. However, the Court's analysis does not end here; consideration of statutory and equitable tolling, and the actual innocence exception, must be undertaken.

### A.   Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, the statute of limitations began running on December 5, 2016 and, absent any tolling, would expire on or about December 5, 2017. However, when Izzo filed his PCRA petition on October 20, 2016, the AEDPA's filing period was statutorily tolled, with the entire one-year filing period remaining. The statute remained tolled until July 20, 2017, after the expiration of the thirty-day time period to file a petition for allowance of appeal with the Pennsylvania Superior Court. The 365 days remaining in which to file his

federal petition expired on July 20, 2018. As a result, absent equitable tolling or the applicability of the actual innocence exception, Izzo's habeas corpus petition filed on December 12, 2018, is nearly five months late.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Izzo presents no evidence to account for the delay in seeking relief in federal court. (*See* Doc. 1; Doc. 13, p. 8). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. (*See id.*). Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### C.    Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome section 2254's limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 394-95 (quoting *Schlup*, 513 U.S. at 329). While a petitioner alleging actual innocence need not prove diligence in order to assert a claim of actual

innocence, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 399; *see also Schlup*, 513 U.S. at 332 ("The court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence.]").

Here, Izzo does not assert actual innocence to escape the time bar and his claims cannot be construed as asserting actual innocence. Even more compelling is that Izzo entered a no contest plea to thirty-four counts of the criminal information. The transcript of Izzo's plea colloquy contains his clear and explicit statement that he understood the charges against him; he was not under the influence of any drugs or alcohol; he understood all of the rights he was waiving by entering a no contest plea; nobody had forced him to enter the plea or had promised him anything in exchange for his plea; he was pleased with the services of counsel; and, he was entering the no contest plea based on his possession of thirty-one pictures and three videos of child pornography. (Doc. 9-1, pp. 5-8, Notes of Testimony, 8:12-18:3). Izzo cannot now claim actual innocence to invalidate his no contest plea. As a result, Izzo cannot overcome the time-bar based on the actual innocence exception.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV.    Conclusion

The Court will deny Izzo's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 16, 2021